UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PHILLIPS JELKS (#485250)

VERSUS                                              CIVIL ACTION

LA. D.O.C. WD. BURL CAIN, ET AL                     NUMBER 13-90-BAJ-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 18, 2013.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILLIPS JELKS (#485250)

VERSUS                                            CIVIL ACTION

LA. D.O.C. WD. BURL CAIN, ET AL        NUMBER 13-90-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment Pursuant to FRCP Rule 56 filed on behalf of defendants James LeBlanc and Burl Cain. Record document number 26. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Maj. Leonard Williams, Capt. Carl Smith, Capt. Alonzo Webb[2], Lt. Kenneth Dereceauz[3] and Capt. Grady Gagnard.[4] Plaintiff alleged that he was issued a false disciplinary report and was subjected to verbal abuse, an excessive use of force and unconstitutional conditions of

---

[1] Record document number 31.

[2] Identified as Lonzo Webb in Motion for Leave To File And Amended Complaint. Record document number 20.

[3] Identified as Kenneth Derecaux in Motion for Leave To File And Amended Complaint. Record document number 20.

[4] Identified as Grady Ganard in Motion for Leave to File And Amended Complaint. Record document number 20.

confinement, all in violation of his constitutional rights.[5]

Defendants LeBlanc and Cain moved for summary judgment relying on a statement of undisputed facts and the results of Administrative Remedy Procedure ("ARP") LSP-2012-2749.

## I. Factual Allegations

Plaintiff alleged that on August 16, 2012, he was subjected to an excessive use of force in violation of his constitutional rights. Specifically, the plaintiff alleged that Lt. Dereceauz told ranking corrections officers that the plaintiff flooded his cell, which the plaintiff alleged was not true. Plaintiff alleged that his cell flooded as a result of a leaking toilet and not as a result of any action taken by him. Plaintiff alleged that Lt. Dereceauz addressed him using vulgarities to harass and embarrass him. Plaintiff further alleged that Lt. Dereceauz has shown animosity against him because he is homosexual, which the plaintiff argued is a violation of the Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. § 15601 *et seq*.

Plaintiff alleged that after Lt. Dereceauz falsely accused him of flooding his cell, Maj. Williams, Capt. Smith, Capt. Gagnard and Capt. Webb sprayed him with a chemical agent and closed his booth cell door for approximately 45 minutes. Plaintiff alleged that he was then removed from his cell and placed in a shower cell where he

---

[5] Record document number 9, Amended Complaint.

was once again sprayed with a chemical agent. Plaintiff alleged that the defendants knew he was asthmatic before spraying him with the chemical agent. Plaintiff alleged the defendants did not contact medical or mental health professionals before spraying him with the chemical agent.

Plaintiff alleged that Capt. Gagnard removed him from the shower and placed him in a cell in administrative segregation. Plaintiff alleged that he was not examined by a doctor or given a clean jumpsuit following the incident. Plaintiff alleged that a fellow inmate provided him with a towel and a bar of soap to wash away the chemical residue.

Plaintiff alleged that the next morning he made sick call complaining of severe chest pain and difficulty breathing. Plaintiff alleged that he is asthmatic and his condition worsened as a result of being sprayed with the chemical agent.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). The court need only consider cited materials, but it may consider other

materials in the record.  Rule 56(c)(1)(3).

### B. Respondeat Superior

Plaintiff named Secretary Leblanc and Warden Cain as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary LeBlanc and Warden Cain are responsible for the actions of their subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

### C. Failure to Exhaust Administrative Remedies

Defendants LeBlanc and Cain argued that the plaintiff failed to exhaust available administrative remedies before filing suit regarding any claim against them.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

4

as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), abrogated in part by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. Id., 126 S.Ct. at 2389-90.  The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act ("PLRA") does not specify who

5

must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id*.

Plaintiff alleged that he filed ARP LSP-2012-2749 regarding the claims raised in the complaint. The summary judgment evidence showed that the plaintiff filed ARP LSP-2012-2749 on August 20, 2012, complaining that Capt. Webb, Capt. Smith, Capt. Galinari and Maj. Williams sprayed him with a chemical agent on August 16, 2012 and then closed his booth cell door for 45 minutes.

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding any claim against Secretary LeBlanc and Warden Cain.

As noted above, the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. However, a grievance must

provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit.

To the extent the complaint can be read to allege a claim against Secretary LeBlanc and Warden Cain, the summary judgment evidence showed that the plaintiff's ARP failed to provide prison administrators with a fair opportunity to address his claims against defendants Secretary LeBlanc and Warden Cain.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion for Summary Judgment Pursuant to FRCP Rule 56 filed by defendants James LeBlanc and Burl Cain be granted, that the claims against them be dismissed, and that this case be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, September 18, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE