UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PHILLIPS JELKS (#485250)

VERSUS                                              CIVIL ACTION

LA. D.O.C. WD. BURL CAIN, ET AL                     NUMBER 13-90-BAJ-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 18, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PHILLIPS JELKS (#485250)

VERSUS                                               CIVIL ACTION

LA. D.O.C. WD. BURL CAIN, ET AL           NUMBER 13-90-BAJ-SCR


### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss Pursuant to Rule 12(b)(6) filed by defendant Lt. Kenneth Dereceauz.  Record document number 43.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Maj. Leonard Williams, Capt. Carl Smith, Capt. Alonzo Webb,[2] Lt. Kenneth Dereceauz[3] and Capt. Grady Gagnard.[4]  Plaintiff alleged that he was

---

[1] Record document number 49. Insofar as the plaintiff addressed claims in his opposition to the defendant's motion which were not raised in either the original or amended complaint, the plaintiff's opposition shall not be treated as an amendment to the complaint.

[2] Identified as Lonzo Webb in Motion for Leave To File And Amended Complaint.  Record document number 20.

[3] Identified as Kenneth Derecaux in Motion for Leave To File And Amended Complaint.  Record document number 20.

[4] Identified as Grady Ganard in Motion for Leave to File And
(continued...)

issued a false disciplinary report and was subjected to verbal abuse, an excessive use of force and unconstitutional conditions of confinement, all in violation of his constitutional rights.[5]

## I. Factual Allegations

Plaintiff alleged that on August 16, 2012, he was subjected to an excessive use of force in violation of his constitutional rights. Specifically, the plaintiff alleged that Lt. Dereceauz told ranking corrections officers that the plaintiff flooded his cell, which the plaintiff alleged was not true. Plaintiff alleged that his cell flooded as a result of a leaking toilet and not as a result of any action taken by him. Plaintiff alleged that Lt. Dereceauz addressed him using vulgarities to harass and embarrass him. Plaintiff further alleged that Lt. Dereceauz has shown animosity against him because he is homosexual, which the plaintiff argued is a violation of the Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. § 15601 *et seq*.

Plaintiff alleged that after Lt. Dereceauz falsely accused him of flooding his cell, Maj. Williams, Capt. Smith, Capt. Gagnard and Capt. Webb sprayed him with a chemical agent and closed his booth cell door for approximately 45 minutes. Plaintiff alleged that he was then removed from his cell and placed in a shower cell where he

---

[4](...continued)
Amended Complaint. Record document number 20.

[5] Record document number 9, Amended Complaint.

was once again sprayed with a chemical agent. Plaintiff alleged that the defendants knew he was asthmatic before spraying him with the chemical agent. Plaintiff alleged the defendants did not contact medical or mental health professionals before spraying him with the chemical agent.

Plaintiff alleged that Capt. Gagnard removed him from the shower and placed him in a cell in administrative segregation. Plaintiff alleged that he was not examined by a doctor or given a clean jumpsuit following the incident. Plaintiff alleged that a fellow inmate provided him with a towel and a bar of soap to wash away the chemical residue.

Plaintiff alleged that the next morning he made sick call complaining of severe chest pain and difficulty breathing. Plaintiff alleged that he is asthmatic and his condition worsened as a result of being sprayed with the chemical agent.

## II. Applicable Law and Analysis

**A. Motion to Dismiss Standard**

Defendant Lt. Dereceauz moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations

3

must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual

4

enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

### B. False Disciplinary Report

Plaintiff alleged that Lt. Dereceauz falsely accused him of flooding his cell.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). The procedures include the use of information provided by confidential informants. These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

### C. Verbal Abuse

Plaintiff alleged that Lt. Dereceauz addressed him using vulgarities and harassed and embarrassed him.

Allegations of verbal abuse alone do not present claims under section 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621

F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). The allegation that Lt. Dereceauz verbally abused the plaintiff is insufficient to state a constitutional violation.

### D. Prison Rape Elimination Act of 2003

Plaintiff alleged that Lt. Dereceauz violated the PREA.

The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 *et seq*. The PREA confers no private right of action. *Chinnici v. Edwards*, 2008 WL 3851294, (D.Vt. 2008); *Chao v. Ballista*, 772 F.Supp.2d 337, 341 n. 2 (D.Mass. 2011); *Todd v. Smith*, 2013 WL 3716606 (W.D. La. July 15, 2013).

To the extent the plaintiff attempted to assert a claim based on the PREA, the claim should be dismissed.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Dismiss Pursuant to Rule 12(b)(6) filed by defendant Lt. Kenneth Dereceauz be granted, that the claims against him be dismissed, and that the case be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, September 18, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE