UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILLIPS JELKS (#485250)

VERSUS                                              CIVIL ACTION

LA. D.O.C. WD. BURL CAIN, ET AL            NUMBER 13-90-BAJ-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 18, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILLIPS JELKS (#485250)

VERSUS                                          CIVIL ACTION

LA. D.O.C. WD. BURL CAIN, ET AL            NUMBER 13-90-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) filed by defendants Maj. Leonard Williams, Capt. Carl Smith and Capt. Alonzo Webb.  Record document number 44.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, 1985 and 1986 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Maj. Leonard Williams, Capt. Carl Smith, Capt. Alonzo Webb,[2]

---

[1] Record document number 49.  Plaintiff appears to oppose both defendant Lt. Dereceauz's motion to dismiss and the defendants' motion for judgment on the pleadings in the same opposition memorandum.  Insofar as the plaintiff addressed claims in his opposition to the defendant's motion for judgment on the pleadings which were not raised in either the original or amended complaint, the plaintiff's opposition shall not be treated as an amendment to the complaint.

[2] Identified as Lonzo Webb in Motion for Leave To File And Amended Complaint.  Record document number 20.

Lt. Kenneth Dereceauz[3] and Capt. Grady Gagnard.[4] Plaintiff alleged that he was issued a false disciplinary report and was subjected to verbal abuse, an excessive use of force and unconstitutional conditions of confinement, all in violation of his constitutional rights.[5]

## I. Factual Allegations

Plaintiff alleged that on August 16, 2012, he was subjected to an excessive use of force in violation of his constitutional rights. Specifically, the plaintiff alleged that Lt. Dereceauz told ranking corrections officers that the plaintiff flooded his cell, which the plaintiff alleged was not true. Plaintiff alleged that his cell flooded as a result of a leaking toilet and not as a result of any action taken by him. Plaintiff alleged that Lt. Dereceauz addressed him using vulgarities to harass and embarrass him. Plaintiff further alleged that Lt. Dereceauz has shown animosity against him because he is homosexual, which the plaintiff argued is a violation of the Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. § 15601 *et seq*.

Plaintiff alleged that after Lt. Dereceauz falsely accused him

---

[3] Identified as Kenneth Derecaux in Motion for Leave To File And Amended Complaint. Record document number 20.

[4] Identified as Grady Ganard in Motion for Leave to File And Amended Complaint. Record document number 20.

[5] Record document number 9, Amended Complaint.

of flooding his cell, Maj. Williams, Capt. Smith, Capt. Gagnard and Capt. Webb sprayed him with a chemical agent and closed his booth cell door for approximately 45 minutes.  Plaintiff alleged that he was then removed from his cell and placed in a shower cell where he was once again sprayed with a chemical agent.  Plaintiff alleged that the defendants knew he was asthmatic before spraying him with the chemical agent.  Plaintiff alleged the defendants did not contact medical or mental health professionals before spraying him with the chemical agent.

Plaintiff alleged that Capt. Gagnard removed him from the shower and placed him in a cell in administrative segregation. Plaintiff alleged that he was not examined by a doctor or given a clean jumpsuit following the incident.  Plaintiff alleged that a fellow inmate provided him with a towel and a bar of soap to wash away the chemical residue.

Plaintiff alleged that the next morning he made sick call complaining of severe chest pain and difficulty breathing. Plaintiff alleged that he is asthmatic and his condition worsened as a result of being sprayed with the chemical agent.

### II. Applicable Law and Analysis

**A. Rule 12(c) - Failure to State a Claim Standard**

Defendants Maj. Leonard Williams, Capt. Carl Smith and Capt. Alonzo Webb moved for judgment on the pleadings pursuant to Rule

12(c), Fed.R.Civ.P. on the ground that the plaintiff failed to state a claim upon which relief can be granted.

A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-10 (5th Cir. 2010); Doe *v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

To survive the defendants' motion, the plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Although the court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff ... [, it] do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010).

**B. Official Capacity**

Defendants argued that they are entitled to Eleventh Amendment

5

immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a

person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.  Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights.  Additionally, because the plaintiff sought prospective injunctive relief his claim against the defendants in their official capacity is also actionable under § 1983.  Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

### C. Qualified Immunity

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978).  This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727,

2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

Plaintiff alleged that he was subjected to an excessive use force without provocation and unconstitutional conditions of

8

confinement in violation of his Eighth Amendment rights.

At the time of the alleged incident, a reasonable corrections officer would have known that spraying a prisoner with a chemical agent without provocation and subjecting him to unconstitutional conditions of confinement was not objectively reasonable. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986) (force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline); *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994)(a prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

Plaintiff's allegations that he was subjected to an excessive use of force and unconstitutional conditions of confinement are sufficient to state a claim upon which relief can be granted.

**D. Claim Pursuant to 42 U.S.C. §§ 1985 and 1986**

Defendants moved to dismiss the plaintiff's claims brought pursuant to 42 U.S.C. §§ 1985 and 1986.

Plaintiff alleged that pursuant to 42 U.S.C. §§ 1985 and 1986, the defendants violated his Fourteenth Amendment due process

rights.[6]

Section 1985(3) prohibits conspiracies to deprive a person of equal protection of the laws or of equal privileges and immunities under the laws on the basis of race. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct. 1790 (1971). To state a claim under § 1985(3) the plaintiff must allege that two or more persons conspired to directly, or indirectly, deprive him of the equal protection of the laws or equal privileges and immunities under the laws. *Green v. State Bar of Texas*, 27 F.3d 1083, 1089 (5th Cir. 1994).

Plaintiff failed to allege any discrete facts or details that suggest an agreement among the defendants to deprive him of his equal protection rights. Plaintiff failed to state a claim upon which relief can be granted. Because the plaintiff's § 1985(3) claim fails to state a claim upon which relief can be granted, his claim under § 1986 necessarily also fails to state a claim as well. *See Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n. 3 (5th cir. 1998).

### E. Declaratory and Injunctive Relief

Defendants moved to dismiss the plaintiff's claims for declaratory and injunctive relief on the ground that the plaintiff lacks standing to seek a declaratory judgment or injunctive relief.

---

[6] Record document number 9, p. 9, ¶ 17.

Specifically, the defendants argued that there is no actual case or controversy for purposes of declaratory or injunctive relief. Defendants relied on the Supreme Court's decision in *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660 (1983). Defendants argued that the plaintiff failed to allege a "credible claim" that he will be subject to the specific injury for which he seeks declaratory and injunctive relief.

Defendants argument is unpersuasive. In *Lyons*, the Supreme Court held that Lyons, suing as a individual plaintiff, had no standing to sue for injunctive relief to stop the Los Angeles police department's practice of chokeholding. Lyons had no standing because "'(p)ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.'" *Id*., at 102, 103 S.Ct. at 1665 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S.Ct. 669, 675-76 (1974)). To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992). Similar reasoning has been applied to suits for declaratory judgments. *Ashcroft v. Mattis*, 431 U.S. 171, 97 S.Ct. 1739 (1977)(for a declaratory judgment to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication

11

of present a right based upon established facts).

Plaintiff sought an order directing prison officials to cease the use of excessive force, chemical agents, retaliation and sexual harassment. Plaintiff alleged that he suffers a continuing harm as a result of the defendants' actions. Plaintiff has standing to assert a claim for the declaratory and prospective injunctive relief he sought.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion for Judgment on the Pleadings Pursuant to FRCP Rule 12(c) filed by defendants Maj. Leonard Williams, Capt. Carl Smith and Capt. Alonzo Webb be granted in part, dismissing the plaintiff's claims brought pursuant to 42 U.S.C. §§ 1985 and 1986, that in all other respects the motion be denied, and that this case be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, September 18, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE