UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILLIPS JELKS (#485250)          CIVIL ACTION

VERSUS          NUMBER 13-90-SDD-SCR

LA. D.O.C. WD. BURL CAIN, ET AL.

## RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is the Plaintiff's *Second Motion for Temporary Restraining Order*.[1]

*Pro se* Plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, 1985 and 1986, against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Maj. Leonard Williams, Capt. Carl Smith, Capt. Alonzo Webb,[2] Lt. Kenneth Dereceauz[3] and Capt. Grady Gagnard.[4] Plaintiff alleged that he was issued a false disciplinary report and was subjected to verbal abuse, an excessive use of force, and unconstitutional conditions of confinement, all in violation of his constitutional rights.[5] Plaintiff's claims against Lt. Kenneth Dereceauz, James LeBlanc, and Burl Cain and his claims brought pursuant to 42 U.S.C. §§ 1985 and 1986, were previously dismissed.[6]

Plaintiff also filed a motion for temporary restraining order seeking to enjoin prison

---

[1] Rec. Doc. 83. Plaintiff has not previously filed a motion for temporary restraining order in this matter.

[2] Identified as Lonzo Webb in *Motion for Leave To File And Amended Complaint*. Rec. Doc. 20.

[3] Identified as Kenneth Derecaux in *Motion for Leave To File And Amended Complaint*. Rec. Doc. 20.

[4] Identified as Grady Ganard in *Motion for Leave to File And Amended Complaint*. Rec. Doc. 20.

[5] Rec. Doc. 9, *Amended Complaint*.

[6] Rec. Doc. Nos. 54, 55 and 56.

officials from issuing him retaliatory false disciplinary reports.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the Plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.[7] Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm.[8]

It is unlikely that the Plaintiff will prevail on his claims against the Defendants. Any harm which may come to the Plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the Plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

Accordingly, the Plaintiff's request for a temporary restraining order is DENIED.

Baton Rouge, Louisiana, December 12, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[7] *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998).

[8] 18 U.S.C. § 3626(a).