UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PHILLIPS JELKS (#485250)

VERSUS                                         CIVIL ACTION

LA. D.O.C. WD. BURL CAIN, ET AL                NUMBER 13-90-BAJ-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 7, 2014.

*[signature: Stephen C. Riedlinger]*

    STEPHEN C. RIEDLINGER
    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILLIPS JELKS (#485250)

VERSUS                                          CIVIL ACTION

LA. D.O.C. WD. BURL CAIN, ET AL          NUMBER 13-90-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Defendants' Motion for Partial Summary Judgment. Record document number 105. The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against, Maj. Leonard Williams, Capt. Carl Smith, Capt. Alonzo Webb,[1] and Capt. Grady Gagnard.[2] Plaintiff alleged that he was subjected to an excessive use of force and unconstitutional conditions of confinement, all in violation of his constitutional rights.[3]

Defendants[4] Maj. Williams, Capt. Smith, Capt. Webb and Capt.

---

[1] This defendant was identified as "Lonzo Webb" in Motion for Leave To File And Amended Complaint. Record document number 20.

[2] This defendant was identified as "Grady Ganard" in Motion for Leave to File And Amended Complaint. Record document number 20.

[3] Record document number 9, Amended Complaint.

[4] The claims against Lt. Kenneth Dereceauz, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc and Warden N. Burl Cain, and the plaintiff's claims brought
(continued...)

Gagnard moved for summary judgment relying on a statement of undisputed facts and the results of Administrative Remedies Procedure ("ARP") LSP-2012-2749, a true copy of which previously filed in the record.[5]

## I. Factual Allegations

Plaintiff alleged that on August 16, 2012, he was subjected to an excessive use of force in violation of his constitutional rights. Specifically, the plaintiff alleged that Lt. Dereceauz told ranking corrections officers that the plaintiff flooded his cell, which the plaintiff alleged was not true. Plaintiff alleged that his cell flooded as a result of a leaking toilet and not as a result of any action taken by him. Plaintiff alleged that after Lt. Dereceauz falsely accused him of flooding his cell, Maj. Williams, Capt. Smith, Capt. Gagnard and Capt. Webb sprayed him with a chemical agent and closed his booth cell door for approximately 45 minutes. Plaintiff alleged that he was then removed from his cell and placed in a shower cell where he was once again sprayed with a chemical agent. Plaintiff alleged that the defendants knew he was asthmatic before spraying him with the chemical agent. Plaintiff alleged the defendants did not contact

---

[4](...continued)
pursuant to 42 U.S.C. §§ 1985 and 1986, were previously dismissed. Record document numbers 54, 55 and 56.

[5] Record document number 26-3, Exhibit A, pp. 1-68.

2

medical or mental health professionals before spraying him with the chemical agent.

Plaintiff alleged that Capt. Gagnard removed him from the shower and placed him in a cell in administrative segregation. Plaintiff alleged that he was not examined by a doctor or given a clean jumpsuit following the incident. Plaintiff alleged that a fellow inmate provided him with a towel and a bar of soap to wash away the chemical residue.

Plaintiff alleged that the next morning he made sick call complaining of severe chest pain and difficulty breathing. Plaintiff alleged that he is asthmatic and his condition worsened as a result of being sprayed with the chemical agent.

## II. Applicable Law and Analysis

**A. Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need

only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

**B. Official Capacity**

Defendant Gagnard argued that he is entitled to Eleventh Amendment immunity insofar as the plaintiff sued him in his official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109

4

S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, the plaintiff may recover money damages against the defendant insofar as the defendant was sued in his individual capacity for actions taken by him under color of state law which caused the deprivation of constitutional rights. Additionally, because the plaintiff sought prospective injunctive relief his claim against the defendant in his official capacity is also actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

**C. Failure to Exhaust Administrative Remedies**

Defendants Maj. Williams, Capt. Smith, Capt. Webb and Capt. Gagnard argued that the plaintiff failed to exhaust available administrative remedies before filing suit regarding all claims against them except the plaintiff's excessive force and deliberate indifference claims.

5

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), abrogated in part by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules.

Id., 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act ("PLRA") does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id*.

Plaintiff alleged that he filed ARP LSP-2012-2749 regarding the claims raised in the complaint.[6] The summary judgment evidence showed that the plaintiff filed ARP LSP-2012-2749 on August 20, 2012, complaining that Capt. Webb, Capt. Smith, Capt. Galinari and Maj. Williams sprayed him with a chemical agent on August 16, 2012

---

[6] Record document number 9-1, Amended Complaint, attachment 1, p. 3, § II. C. 1.

and then closed his booth cell door for 45 minutes.[7] On September 11, 2012, the plaintiff supplemented his ARP complaining that Lt. Derecaux was verbally abusive.[8] On September 25, 2012, the plaintiff apparently filed another supplement to the ARP in which he complained that Sgt. Dawson and Capt. Callihan refused to contact a social worker.[9] Plaintiff also complained that security knew of his diabetes, respiratory and vision problems when they "sprayed on me in my face and eyes."[10] On September 29, 2012, the plaintiff filed an Emergency Supplement ARP in which he complained that Capt. Galanari asked him to withdraw ARP LSP-2012-2749 and cursed and threatened the plaintiff when he refused to withdraw it.[11]

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding any claim against defendants Maj. Williams, Capt. Smith, Capt. Webb and Capt. Gagnard except his claims that (1) on August 16, 2012, Maj. Williams, Capt. Webb, Capt. Smith, Capt. Gagnard sprayed him with a chemical agent and then closed his booth cell door for 45 minutes; and, (2) he was then removed from his cell and placed in

---

[7] Record document number 26-3, pp. 5-8.

[8] *Id*. at 52-54.

[9] *Id*. at 55-56.

[10] *Id*. at 56.

[11] *Id*. at 57-60.

8

a shower cell where he was once again sprayed with a chemical agent.

To the extent the complaint can be read to allege claims other than excessive use of force and deliberate indifference against Maj. Williams, Capt. Smith, Capt. Webb and Capt. Gagnard, the summary judgment evidence showed that the plaintiff's ARP failed to provide prison administrators with a fair opportunity to address those claim against these defendants.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Defendants' Motion for Partial Summary Judgment filed by defendants Maj. Leonard Williams, Capt. Carl Smith, Capt. Alonzo Webb and Capt. Grady Gagnard be granted, dismissing all of the plaintiff's claims except his claims that (1) on August 16, 2012, Capt. Webb, Capt. Smith, Capt. Gagnard and Maj. Williams sprayed him with a chemical agent and then closed his booth cell door for 45 minutes; and, (2) he was then removed from his cell and placed in a shower cell where he was once again sprayed with a chemical agent, and that this case be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, May 7, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE