UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PHILLIPS JELKS (#485250)

VERSUS                                              CIVIL ACTION

LA. D.O.C. WD. BURL CAIN, ET AL                     NUMBER 13-90-JWD-SCR


## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 30, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILLIPS JELKS (#485250)

VERSUS                                          CIVIL ACTION

LA. D.O.C. WD. BURL CAIN, ET AL        NUMBER 13-90-JWD-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's Request for T.R.O. and an Injunction. Record document number 134. The motion is opposed.[1]

### I. Factual Background

Plaintiff alleged that on August 16, 2012, he was subjected to an excessive use of force in violation of his constitutional rights. Specifically, the plaintiff alleged that Lt. Dereceauz told ranking corrections officers that the plaintiff flooded his cell, which the plaintiff alleged was not true. Plaintiff alleged that his cell flooded as a result of a leaking toilet and not as a result of any action taken by him. Plaintiff alleged that after Lt. Dereceauz falsely accused him of flooding his cell, Maj. Williams, Capt. Smith, Capt. Gagnard and Capt. Webb sprayed him with a chemical agent and closed his booth cell door for approximately 45 minutes. Plaintiff alleged that he was then removed from his cell and placed in a shower cell where he was once again sprayed with a chemical agent. Plaintiff alleged that the

---

[1] Record document number 140.

defendants knew he was asthmatic before spraying him with the chemical agent. Plaintiff alleged the defendants did not contact medical or mental health professionals before spraying him with the chemical agent.

Plaintiff alleged that Capt. Gagnard removed him from the shower and placed him in a cell in administrative segregation. Plaintiff alleged that he was not examined by a doctor or given a clean jumpsuit following the incident. Plaintiff alleged that a fellow inmate provided him with a towel and a bar of soap to wash away the chemical residue. Plaintiff alleged that the next morning he made sick call complaining of severe chest pain and difficulty breathing. Plaintiff alleged that he is asthmatic and his condition worsened as a result of being sprayed with the chemical agent.

## II. Temporary Restraining Order

Plaintiff filed a motion for temporary restraining order seeking to enjoin prison officials from allowing the defendants to have any contact with him. Alternatively, the plaintiff sought a transfer to another area of the prison or another prison facility.

## III. Applicable Law and Analysis

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury

outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

Discovery is complete, a pretrial conference was held, and the case is awaiting assignment for trial. A review of the record supports finding that it is unlikely the plaintiff will prevail on his claims against the defendants. Plaintiff is not likely to suffer any irreparable harm if an injunction is not granted, and such harm can be compensated for monetarily should the plaintiff prevail in this action. Furthermore, even if the plaintiff prevails, transfer to another prison is not likely.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Request for T.R.O. and an Injunction be denied.

Baton Rouge, Louisiana, October 30, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE